**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4869**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

        v.

ZANTWAN DEVORRIS WORTHY,

    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, Sr., Senior District Judge. (1:07-cr-00127-WLO)

Submitted:  June 11, 2009          Decided:  September 2, 2009

Before TRAXLER, Chief Judge, and MICHAEL and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Sandra J. Barrett, Asheville, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a guilty plea, Zantwan Devorris Worthy was convicted of distributing cocaine hydrochloride, in violation of 21 U.S.C.A. § 841 (West 2000 & Supp. 2009). The district court sentenced Worthy to 188 months' imprisonment. Worthy appeals his sentence, arguing that the district court erred by viewing the sentencing guidelines as mandatory, failing to consider the sentencing factors in 18 U.S.C. § 3553(a) (2006), failing to provide an adequate explanation for refusing to grant a downward variance, and imposing an unreasonably lengthy sentence. Finding no error, we affirm.

This court reviews a sentence for abuse of discretion, regardless of whether the sentence falls inside or outside the guideline range. Gall v. United States, 552 U.S. 38, ___, 128 S. Ct. 586, 591 (2007). First, we must ensure that the district court committed no significant procedural error. United States v. Osborne, 514 F.3d 377, 387 (4th Cir.), cert. denied, 128 S. Ct. 2525 (2008). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 128 S. Ct. at 597. Further, a district court must provide an "individualized assessment" based upon the

2

specific facts before it.  <u>United States v. Carter</u>, 564 F.3d 325, 328 (4th Cir. 2009).  If the sentence is procedurally reasonable, the court then considers its substantive reasonableness, taking into account the totality of the circumstances.  <u>Gall</u>, 128 S. Ct. at 597.

Worthy argues that the district court failed to make specific findings relevant to § 3553(a)'s sentencing factors and did not adequately explain its refusal to grant a downward variance.  Specifically, Worthy complains that the district court did not address his argument that the presentence report unduly emphasized his criminal history because he did not actually commit one of the crimes included in his criminal history.

The district court discussed Worthy's criminal history, focusing on his prior conviction for cocaine trafficking.  The district court provided an individualized assessment of Worthy's crime and circumstances, determining the sentence only after discussing the seriousness of Worthy's offense, his prior drug trafficking conviction, his education, the support shown by his family and community, the need to deter others from committing the same crime, and the possibility of his rehabilitation.  Thus, the district court satisfactorily explained its reasons supporting the sentence.

3

Worthy also contends the sentence was procedurally flawed because the district court failed to consider the sentencing guidelines as advisory. We disagree. During the sentencing hearing, the experienced district judge explained on several occasions that the guidelines were simply recommendations that the sentencing court was not bound to follow.

Finally, Worthy argues that the district court imposed an unreasonably lengthy sentence. This court presumes on appeal that a sentence within a properly calculated Guideline range is reasonable. Rita v. United States, 551 U.S. 338, 341, 347 (2007); United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007). Upon careful review, we are unpersuaded that Worthy's arguments are adequate to overcome that presumption.

Accordingly, we affirm the judgment of the district court. Because Worthy is represented by counsel, we deny his motion to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED